```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

MONIKA B. HOPKINS,             }
        *Plaintiff*            }
v.                             }    CIVIL ACTION NO. H-06-3890
                               }
WELLS FARGO HOME MORTGAGE, INC.,}
d/b/a AMERICA'S SERVICING CO.  }
Et. al.                        }
        *Defendants*           }


**OPINION AND ORDER**

      Pending before the court are Plaintiff Monica B. Hopkins's ("Hopkins") motion to remand (Doc. 9), her memorandum in support (Doc. 10), Defendant Wells Fargo Mortgage Inc.'s ("Wells Fargo") response (Doc. 11), Hopkins's reply (Doc. 14), and Wells Fargo's sur-reply (Doc. 15). After considering the facts and law, the court concludes that this case should be remanded. Accordingly, for the following reasons, the court ORDERS that Hopkins's motion to remand (Doc. 9) is GRANTED.

I. Facts

      On February 1, 2006, Hopkins filed her original petition against Wells Fargo in State Court. (See Original Petition, Doc. 1, Ex. 1) Hopkins's original petition states claims for violation of the Texas Consumer Credit Code/Debt Collection Practices Act; violation of the Texas Deceptive Trade Practices Act; breach of contract; defamation of credit reputation, and unreasonable collection efforts. Id. Hopkins alleges, in support of her claims, that Wells Fargo reneged on a settlement agreement and

engaged in abusive debt collection practices following the termination of her first lawsuit against it. Id.

Hopkins amended her petition on November 7, 2006, to add three new defendants and two new claims.  As amended, Hopkins's petition now includes a claim for violation of the Fair Credit Reporting Act against Defendants, credit reporting agencies, Equifax, Experian, and TransUnion (collectively referred to as the "Credit Reporting Agencies" or "CRAs"). (See Second Amended Original Petition Doc. 1, Ex. 9.) It also includes a claim against Wells Fargo for fraudulent inducement. Id.

Defendants filed their Notice of Removal in this case on on December 7, 2006. (Notice of Removal, Doc. 1.) The notice recites that the basis for this court's jurisdiction is Hopkins's Fair Credit Reporting Act claims against the CRAs. Id.

The day after Defendants removed this case, Hopkins filed a motion to voluntarily dismiss the CRAs under Federal Rule of Civil Procedure 41(a)(1)(i). (See Notice of Partial Dismissal Doc. 2) The court granted Hopkins's motion on December 21, 2006. Hopkins filed her instant motion to remand on December 27th.

Since being removed from state court, very little activity has taken place in this case.  Aside from those motions already discussed, the only other motion filed was Wells Fargo's motion for protective order (Doc. 5), which was granted by United States Magistrate Judge Frances Stacy on February 15, 2007 (Doc. 16).  Magistrate Judge Stacy's order stayed discovery pending the parties Rule 26(f) conference, which was held April 10, 2007.

II. <u>Analysis</u>

The supplemental jurisdiction statute, Title 28 United States Code Section 1367, gives the District Courts of the United States jurisdiction over state law claims forming part of the same constitutional case or controversy as federal claims within the court's original jurisdiction. Subsection (c) allows the district court to decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Whether a court should remand pending state law claims depends on the totality of the circumstances. See <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 357 (1988); see also <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims."" <u>Gibbs</u> at 350 n.7; see also, <u>Doddy v. Oxy USA, Inc.</u>, 101 F.3d 448, 456 (5th Cir. 1996); <u>Parker & Parsley Petroleum Co. v. Dresser Indus.</u>, 972 F.2d 580, 586 (5th Cir. 1992).

Here, the totality of the circumstances favor remanding Hopkins's claims to state court. First, comity and federalism will be served by remanding state law claims to the state court judiciary. Second, judicial economy will be served because (1) the state court judge, having already presided over

the dispute giving rise to the settlement agreement, is more familiar with the facts of this case, and (2) the parties have not engaged in substantial litigation at the federal level. Finally, third, no unfairness will result in returning this case to state court.

Briefly, Wells Fargo makes two arguments against remand: first, that Hopkins is engaging in gamesmanship and has not established a "substantive and meritorious reason" for dismissing her claims against the CRAs; and second, that Hopkins has artfully concealed a federal claim against Wells Fargo in the fact section of her state court petition. Neither argument has merit.

Wells Fargo's first argument misstates the standard governing motions to dismiss pursuant to Federal Rule of Civil Procedure 41(a)(1)(i). Federal Rule of Civil Procedure 41(a)(1)(i) provides that Plaintiff may "at any time before service by the adverse party of an answer or of a motion for summary judgment" voluntarily dismiss his own claims without order of court. This is not a discretionary standard. On the other hand, the Fourth Circuit case cited by Wells Fargo for the proposition that Hopkins must establish a "substantive and meritorious reason" for dismissing the CRAs deals with motions to amend under Federal Rule of Civil Procedure 15. See Defendant's Resp. 4, citing Harless v. CSX Hotels, Inc., 389 F.3d 444, 448 (4th Cir. 2004). Unlike Rule 41(a)(1)(i), Rule 15 is discretionary.

Wells Fargo's second argument reads a non existent federal claim into Hopkins's state court petition. Hopkins's

4

petition is 31 pages long and clearly articulates its seven causes of action.  Paragraph 23, in which Hopkins states that Wells Fargo violated the U.S. Fair Debt Collection Practices Act by failing to furnish information to Hopkins's in response to her written notice of disputed debt, appears in the fact section and describes events which occurred prior to Hopkins's first suit against Wells Fargo.  Hopkins's causes of action are clearly delineated as such and do not include a claim against Wells Fargo for violation of the U.S. Fair Debt Collection Practices Act.

III.   Conclusion

For the aforementioned reasons the court ORDERS that Hopkins's motion to remand (Doc. 9) is GRANTED.  This case is remanded to the 215th Judicial District Court of Harris County, Texas.

**SIGNED** at Houston, Texas, this 5th day of July, 2007.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE